**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SONYA SMITH-LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:26-cv-02457 (UNA) |
| v. | ) | |
| | ) | |
| METRO BUSES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORADUM OPINION</u>**

Plaintiff, proceeding *pro se*, has filed a Complaint, ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this case without prejudice.

Plaintiff, a resident of North Carolina, sues two defendants, one referred to only as "Metro Buses," and another referred to as "Pat Handy Shelter," both located in Washington, D.C. She provides no addresses or other identifying information for the Defendants in contravention of D.C. Local Civil Rule 5.1(c)(1).

The allegations themselves do not fare much better. Plaintiff alleges that, at unknown dates, times, and locations, Metro bus drivers have "not treated her right," including failing to pick her up or to transport her to her desired location, although they must have picked her up on some occasions, because she also alleges that the drivers pull off too quickly before she is fully seated, and she has also allegedly experienced theft while on the bus. She further alleges that, at unknown dates, times, and locations, shelters have not procured beds for her, leaving her to sleep outside unsafely, and that due to these circumstances she has experienced homelessness and faces housing and employment discrimination. It is unclear what, if anything, the allegations about the bus drivers have to do with the allegations about the shelters. The relief sought, if any, is unknown.

Like all plaintiffs, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies." *Wells v. Gray*, 17 F. Supp. 3d 27, 28 (D.D.C. 2014).

Here, the allegations fall short of providing notice of a claim. Plaintiff's allegations are neither clear nor direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). Where, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated," it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

For the above reasons, the Court dismisses the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.



TREVOR N. McFADDEN
United States District Judge

Date: November 2, 2026